[Civ. No. 10198. Fourth Dist., Div. One. May 18, 1971.]

SYLVIA NACHSIN, Plaintiff and Appellant, v.
CHARLES DE LA BRETONNE, Defendant and Respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

## COUNSEL

Magana, Olney, Levy & Cathcart and Daniel C. Cathcart for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Marshall L. Foreman, Jr., and C. Douglas Alford for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—The facts were stipulated in the trial court:

Plaintiff Sylvia Nachsin is the widow and sole heir of Samuel Nachsin who died when the Piper Cherokee aircraft in which he was riding as an occupant crashed on June 19, 1966, as the proximate result of the pilot's negligence. Plaintiff's damage was $50,000.

The pilot operated the airplane with defendant owner Charles De La Bretonne's permission, but De La Bretonne himself was not negligent.

■■■ May the pilot's negligence be imputed to the owner?

The trial court held for defendant, concluding as of June 16, 1966 the pilot's negligence was not imputable to the airplane's nonnegligent owner; and the Federal Aviation Act of 1958 did not create a civil remedy based upon imputed negligence in the circumstances.

■■■ At common law negligence of the pilot alone, absent any inde-

pendent negligence of the owner or any special relationship between owner and pilot, is not imputable to the owner.

At the time of the crash, June 16, 1966, the California Aeronautics Act, Public Utilities Code, section 21404 provided the liability of the owner or pilot of an airplane for damages to passengers is determined by the law applicable to torts on the land or waters of California, arising from similar relationships.

In 1968, after this action arose, this section was amended to make an aircraft owner liable for a permittee pilot's negligence, subject, however, to a limitation of liability of $15,000 for one person and $30,000 for one accident.

Thus, had the crash with which we are concerned occurred after the 1968 amendment became effective, there would be liability, limited, however, to $15,000. What is the liability of an owner for damages to a passenger in an airplane based on the California law of torts occurring on land or waters, arising from similar relationships?

Before 1968, California's position had not been to make a nonnegligent owner, in his capacity solely as an owner, liable for a pilot's negligence. (*Johnson* v. *Central Aviation Corp.* (1951) 103 Cal.App.2d 102 [229 P.2d 114]; *Boyd* v. *White* (1954) 128 Cal.App.2d 641 [276 P.2d 92].)

Does liability rest on the definitional statutory section 1301(26) of the Federal Aviation Act of 1958 (49 U.S.C. § 1301(26))? We think not. Under this section any person authorizing the operation of an aircraft is deemed to be engaged in operating it "within the meaning of this chapter." The language of this section is identically contained in the Civil Aeronautics Act of 1938, 49 United States Code, section 401(26), was in effect when the *Johnson* v. *Central Aviation Corp.* and *Boyd* v. *White* decisions were made, and did not control their result.

Looking to other jurisdictions, the closest case we find is *Rogers* v. *Ray Gardner Flying Service, Inc.* (5th Cir. 1970) 435 F.2d 1389. Diversity of citizenship accounted for federal jurisdiction. The case was one for wrongful death following the crash of a private plane in Oklahoma. The plaintiffs, parents of two deceased occupants, claimed the pilot's negligence was imputable to the plane's lessor, based upon 49 United States Code, section 1301(26). The district court had denied defendants' motion for summary judgment, stating, although section 1301(26) did not establish liability of an owner or lessor for a pilot's negligence, the cause of action was created by the Oklahoma wrongful death statute. The appellate court pointed out, however, the owner or lessor is liable only if the deceased might have maintained an action against him for the same negligence.

And under Oklahoma law the pilot's negligence may not be imputed to the owner. Nor did Congress preempt the field through the Federal Aviation Act insofar as civil remedies for damages are concerned. The court concluded tort law has historically been left to the states, and had Congress intended to preempt the area "[I]t was fully capable of making that intent clear directly and not by indirection requiring the circuitous reasoning plaintiffs find themselves driven to employ. In our judgment, what Congress did intend was to subject the classes of persons named in Title 49, Sec. 1301(26), equally with pilots to the rules, regulations, and penalties provided *in the Federal Aviation Act.*" (P. 1393.) The judgment was reversed with directions to enter summary judgment for the defendants.

We agree with the reasoning of the *Rogers* case and with its analysis of cited cases. One of them, *Rosdail* v. *Western Aviation, Inc.* (D.C.Colo. 1969) 297 F.Supp. 681, after treatment in depth, also concluded the definitional statute, section 1301(26) does not create a civil remedy for damages.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.